Orvil Lee HARRIS, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14483.

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1967.

Orvil Lee Harris, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Orvil Lee Harris files in this Court a petition for writ of habeas corpus, seeking his discharge from the state penitentiary.

Petitioner alleges that on April 25, 1967, while at liberty on a four-year suspended sentence, he was arrested in the city of Holdenville, Oklahoma, and charged with being drunk in a public place. To this charge he entered a plea of guilty, and on April 26, 1967 was fined $25 and the court costs.

Thereafter a hearing was had on the revocation of petitioner's suspended sentence on the basis of his plea of guilty to the charge of being drunk in a public place, and the suspension of his sentence was revoked. Petitioner is now serving that sentence in the state penitentiary.

Defendant admits that he had counsel during the time he was before the court on the public drunkenness charge, and on the application to revoke his suspended sentence.

Petitioner states that the charge of being drunk in a public place, a misdemeanor, was used as a basis for revoking his suspended sentence in the felony case, for which he is now in custody and confinement in the penitentiary.

This attack on the judgment and sentence in the case wherein petitioner received the suspended sentence is not sufficient to state a cause of action in habeas corpus arising from his present confinement.

No contention is made that the judgment and sentence under which petitioner is serving was void. There is nothing to show that the court rendering the judgment did not have jurisdiction of the defendant (petitioner here), did not have jurisdiction of the crime charged, did not have authority under the law to render the judgment and sentence petitioner is now serving, or that the same was excessive.

The demurrer filed by the Attorney General is sustained, and the writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.